IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03163-WJM-MJW

NATIONAL FARMERS UNION PROPERTY AND CASUALTY
COMPANY

    Plaintiff,

v.

JOHN WILLARD,
DANA WILLARD,
CHASE WILLARD,
ESTATE OF JASON TORRES, and
PERLA CRYSTAL TORRES

    Defendants.

_____

**THE WILLARD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF DOC. NO. 1] FOR LACK OF SUBJECT MATTER JURISDICTION**
_____

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants, John Willard, Dana Willard, and Chance (improperly named as Chase) Willard (collectively referred to as the "Willard Defendants"), by and through undersigned counsel, hereby move the court for an order dismissing the Complaint filed by Plaintiff National Farmers Union Property and Casualty Company ("NFU"), for lack of subject matter jurisdiction. As grounds for this Motion, the Willard Defendants state as follows:

## **INTRODUCTION**

This case must be dismissed for failure to comply with the most basic tenant of federal court jurisdiction: it does not present an actual case or controversy which is ripe for adjudication.

Defendants John Willard and Dana Willard were the named insureds under an automobile liability policy issued by NFU (the "Policy"). On or about October 25, 2016, Defendant Chance Willard, the Willards' son, was allegedly driving a pickup scheduled on the Policy when he was involved in accident with a vehicle driven by Jason Torres. Complaint, ECF Doc. No. 1 (hereinafter "Compl.") ¶¶ 20 – 21.  Mr. Torres passed away as a result of his injuries. Compl. ¶ 22.

Following the accident, the Willards provided notice to NFU in accordance with the Policy. NFU then filed this suit seeking declaratory judgments that: (1) at the time of the accident, Chance Willard was an excluded driver under the Policy; (2) the Policy provides no coverage for any claims related to the October 25, 2016 accident, including but not limited to any claims under the bodily injury, property damage, collision, or medical payments coverages of the Policy; and (3) NFU has no duty to defend or indemnify the Willard Defendants as to any claims asserted in relation to the October 25, 2016 accident. *See* Compl. ¶¶ 28 – 31, Prayer for Relief (a) – (c).

As this Court has previously held under similar facts, however, an action instituted to determine coverage under a liability policy is not ripe for determination if no underlying tort claim or lawsuit has been filed.  *See United Fire & Cas. Co. v. Contractor Heating, Inc.*, No. 08-cv-00328-LTB-CBS, 2001 WL 2572124, at *3 (D. Colo. June 24, 2008) (hereinafter "*Contractor Heating, Inc.*") (holding that an insurer's declaratory judgment action concerning coverage for an automobile accident, filed prior to any underlying tort claim, was not ripe for adjudication).  In this case, NFU does not allege that a lawsuit has been filed against any of the Willard Defendants.  That is because no such lawsuit has been filed.  The allegation in NFU's

2

Complaint that Mr. Torres' estate may bring an underlying liability action is pure speculation. Accordingly, NFU's Complaint is premature and fails to present a justiciable controversy that is capable of resolution by this Court. Therefore, NFU's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Further, even if this Court concludes that NFU's Complaint does present a justiciable controversy, it should nevertheless decline to exercise jurisdiction over the matter due to the severe potential for prejudice, as the issues to be decided in this lawsuit would not be sufficiently independent and separable from any future tort action against the Willard Defendants.

## STANDARD OF REVIEW

Under Article III of the Constitution, federal courts only have subject matter jurisdiction over "cases and controversies." *United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001). Accordingly, courts are directed to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(1) when it appears the court lacks jurisdiction over the subject matter.[1] A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction rests with the party asserting jurisdiction. *See id.*

"For a claim to be justiciable under Article III, it must present a live controversy, ripe for determination, advanced in a 'clean-cut and concrete form.'" *Karara v. U.S. Dep't of Educ.*, No. 08-cv-00614-MEH-KMT, 2009 WL 230704, at *5 (D. Colo. Jan. 30, 2009) (quoting *Kansas*

---

[1] Federal courts in this jurisdiction have also dismissed actions for "want of an actual controversy" pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See, e.g.*, *Baser v. State Farm Mut. Auto. Ins. Co.*, 560 Fed. App'x 802, 803 – 804 (10th Cir. Mar. 31, 2014) (upholding district court Fed. R. Civ. P. 12(b)(6) dismissal of declaratory judgment claims brought by third party against insurer where plaintiff "failed to allege an actual controversy between himself and [insurer]").

*Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008)). In determining whether a claim is ripe, courts are to evaluate the following two factors: (1) the fitness of the issue for judicial resolution; and (2) the hardship of the parties of withholding judicial consideration. *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990). When a claim is not ripe, the Court must dismiss it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Atchison v. Saddleback Metro. Dist.*, No. No. 08-cv-00564-PAB-KLM, 2009 WL 306701, at *2 (D. Colo. Feb. 5, 2009) (citing *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997)).

NFU's anticipatory declaratory judgment claim is brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Act"). The Act incorporates the "case or controversy" requirement present in Article III. *See* 28 U.S.C. § 2201. Specifically, the Act provides that:

> In a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). The phrase "case of actual controversy" refers to the types of cases and controversies that are justiciable under Article III of the United States Constitution. *Columbian Fin. Corp. v Bancinsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). While the Tenth Circuit has not applied a specific formula in determining whether a declaratory judgment action filed by an insurer regarding coverage is or is not a "case or controversy" satisfying the Article III justiciability requirements, "[t]he question comes down to 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse

4

legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Id.* (quoting *MedImmune, Inc.*, 549 U.S. at 127). "A declaratory judgment action that would not have practical consequences without later additional litigation is not proper." *Id.* at 1380.

Further, under the Act, federal district courts have discretionary authority to decide whether or not to hear declaratory judgment actions. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). A court must first determine whether there is an actual controversy, and if so, then whether or not to use its discretion to exercise its declaratory judgment authority. 28 U.S.C. § 2201(a); *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). Where, as here, a declaratory judgment action is based on diversity jurisdiction, "federal law will be applied and will control whether or not the court can render a declaratory judgment, [but] state law is to be applied to the underlying substantive issues." *See Contractor Heating, Inc.*, 2008 WL 2572124 at *3.

## ARGUMENT

### I. The Complaint Fails to Present a Justiciable Controversy Which is Ripe for Review and Must Therefore be Dismissed for Lack of Subject Matter Jurisdiction.

NFU alleges that an actual and justiciable controversy exists between it and the Willard Defendants relating to coverage for claims arising out of the October 25, 2016 accident. However, no underlying tort action has been filed against any of the Willard Defendants. Nor have the Willard Defendants made a formal demand for defense coverage. It follows that NFU's declaratory judgment action is not yet ripe, rendering the case non-justiciable and warranting dismissal by this Court pursuant to Fed. R. Civ. P. 12(b)(1).

5

Although insurers are often "drawn to the idea of taking the contract into court for a declaration of what their rights would be" as soon as possible, "those declaratory judgment actions which are truly 'anticipatory' are unlikely to fulfill the basic justiciability requirements of an 'active' controversy which is ripe for decision." 16 Couch on Insurance § 227:24. Article III of the Constitution has long been interpreted as "forbidding federal courts from rendering advisory opinions." *Columbian Fin. Corp.*, 650 F.3d at 1376. Thus, it is not the role of the courts to resolve abstract issues of law. *Id.* "Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties." *Id.* Specifically, courts are instructed to determine whether the facts alleged in the complaint, under all the circumstances, show that "there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Id.* (quoting *MedImmune, Inc.*, 549 U.S. at 127). Thus, to be justiciable, declaratory judgment actions to construe the coverage of a liability insurance policy must identify a specific claim against the insured. *See Columbian Fin. Corp.*, 650 F.3d at 1383 – 84.

Applying these principles, the Tenth Circuit in *Columbian Financial Corp. v. BancInsure, Inc.* concluded that a declaratory judgment case was not ripe for adjudication where the plaintiff had "failed to identify any claim on which [the parties] disagree regarding the right to indemnification." 650 F.3d at 1381. The court explained that while a claim may still arise, it could not know the specific facts relevant to indemnification at that time. *Id.* Accordingly, the court held that a declaration of rights would not provide complete relief to either party in the

6

event a future claim was filed against the insured, Columbian, and Columbian then sought indemnification from BancInsure. *Id.*

Similarly, this Court has also held that declaratory judgment actions filed by insurers prior to the filing of any underlying tort claim against the insured are premature and not ripe for adjudication. For example, and under facts remarkably similar to those present here, in *Contractor Heating, Inc.*, Judge Babcock held that an insurer's declaratory judgment action concerning coverage for an automobile accident, filed prior to any underlying tort claim, was not ripe for adjudication. 2008 WL 2572124 at *4. There, the defendant-insured's employee was involved in an automobile accident and provided notice of the accident to its automobile liability insurer, in accordance with the reporting provisions of its policy. *Id.* at *1. The insurer then filed suit seeking a declaration that the policy did not extend coverage "on the basis that Defendant Medrano was specifically named as an excluded driver by endorsement thereto." *Id*. The insured filed a motion to dismiss arguing, first, that because there was no underlying tort action, the insurer was seeking "an impermissible advisory opinion." *Id.* In the alternative, it argued that, even if a justiciable controversy did exist, the court should decline to exercise jurisdiction because the case was not "independent and separable from any future tort action." *Id.* The court agreed on both counts and dismissed the insurer's complaint with prejudice. *Id.* at *4. Instructively, Judge Babcock concluded that:

> I am unconvinced by United Fire's argument that whether an insurer is obligated to provide a duty to defend or other obligation constitutes a justiciable controversy when, as here, <u>it is undisputed that such obligations relate only to the possibility of potential claims</u>. Instead, I agree with CHI that without a pending action related to the accident, there is 'no legal or factual basis for this Court to make a final determination' that the policy does or does not provide coverage for any potential claims or, in so doing, that United Fire does or does not owe CHI a duty to defend on any such speculative claims.

7

*Id.* at *3 (emphasis added). The court also held that its exercise of jurisdiction to grant declaratory relief was discretionary, and accordingly declined to exercise jurisdiction over "this anticipatory declaratory judgment action at this time." *Id.* at *4.

Likewise, in *Insurance Company of the State of Pennsylvania v. Hanover Insurance Company* (hereinafter "*Hanover Insurance Co.*"), Judge Daniel granted the defendant's motion to dismiss plaintiff's declaratory judgment claim, finding that the court did not have jurisdiction under Article III to hear the matter. No. 13-cv-02580-WYD-BNB, 2014 WL 1515551, at *1 (D. Colo. Apr. 18, 2014). There, the case involved a dispute between two insurance companies regarding coverage related to a personal injury to Alice Mishler, a guest at a hotel owned by one of the plaintiff's insureds. *Id.* Mishler suffered injuries when her wheelchair struck a shuttle van outside of the hotel. *Id.* Plaintiff tendered the defense and indemnification of its insured to the defendant-insurer, under defendant's policy, alleging that Mishler's injuries were caused by the use of the shuttle van. *Id.* The court noted, however, that "[i]mportantly, Mishler has not yet filed a lawsuit related to the accident." *Id.* (emphasis added). Thus, plaintiff was essentially seeking a determination of which insurer would be responsible for "nonexistent defense costs and indemnification for a verdict that may never occur." *Id.* The court ultimately held that the dispute as to which insurer must provide coverage to defend a nonexistent lawsuit was premature, as it would be impossible to ascertain which policy provided coverage where "the facts arising out of the accident cannot be ascertained, the parties are unknown, and there currently is no suit or 'substantial controversy.'" *Id.* at *2.

Here, as in *Contractor Heating, Inc.*, NFU seeks a declaration that the Policy provides no coverage for any potential claims arising out of the October 25, 2016 accident on the basis that

8

Chance Willard allegedly was an excluded driver under the Policy. However, as in *Contractor Heating* and *Hanover Insurance*, no underlying liability suit has been filed against any of the insureds. NFU's Complaint merely alleges that under Colorado law actions for damages *may be brought* by a decedent's personal representative or spouse, not that one has in fact been brought or even threatened. *See* Compl. ¶¶ 23 – 24. In the absence of such a suit, there is "no legal or factual basis for this Court to make a final determination" that the Policy does or does not provide coverage for any future claims. *See Contractor Heating, Inc.*, 2008 WL 2572124 at *3. NFU's Complaint is premature and fails to present a justiciable controversy that is ripe for determination. Therefore, this action must be dismissed for lack of subject matter jurisdiction.

**II.   Alternatively, this Court Should Decline to Exercise Jurisdiction Over the Claims Asserted in the Complaint at this Time, as the Complaint is Not Sufficiently Independent and Separable from Any Future Tort Action that May be Filed.**

In the event this Court concludes that NFU's Complaint presents a justiciable controversy which is ripe for adjudication, this Court should nonetheless decline to exercise jurisdiction over NFU's claims at this time and dismiss the Complaint due to the substantial risk of prejudice to the Willard Defendants. To that end, having to respond to NFU's Complaint prior to the filing of any tort action relating to the automobile accident would put the Willard Defendants in the untenable position of having to argue in opposition to NFU's Complaint and in favor of coverage under the Policy, despite the fact that they have no knowledge of how those arguments may affect their positions or potentially prejudice them in any future litigation that may result from the accident.

A federal court's exercise of jurisdiction to grant declaratory relief is discretionary rather than mandatory under both federal and Colorado law. *Contractor Heating, Inc.*, 2008 WL

9

2572124 at *4. In determining whether to exercise their discretion to hear declaratory judgment actions, the Tenth Circuit instructs district courts to consider the following factors:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 – 81 (10th Cir. 2012) (quoting *Mhoon*, 31 F.3d at 983).

Notably, in addition to presenting a justiciable controversy under Article III, and in accord with the *Mhoon* factors, Colorado law also imposes the added requirement that anticipatory declaratory judgment actions concern issues that are "independent of and separable from" those in the underlying case. *See Constitution Assocs. v. New Hampshire*, 930 P.2d 556, 562–64 (Colo. 1996); *see also Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-cv-00560-REB-MEH, 2014 WL 811993, at *16 (D. Colo. Mar. 3, 2014). If an action does not meet this standard, a court should exercise its discretion under the Act and refuse to hear it due to the risk of potential prejudice to the parties in the underlying action. *Constitution Assocs.*, 930 P.2d at 562. Thus, where it could unduly prejudice the insured in the underlying action, a declaratory judgment action prior to entry of judgment against the insured is *not* independent and separable, and is inappropriately maintained. *Id.*

Here, there is a significant likelihood that allowing this declaratory judgment action to proceed prior to filing and adjudication of an underlying suit would result in prejudice to the Willard Defendants. For instance, if the excluded driver endorsement allegedly contained in the

10

Policy is determined to be void as a matter of law, then the instant coverage dispute may focus on whether Chance Willard falls within the definition of "insured person" under the Policy. The definition of "insured person" states that "[n]o person shall be considered an insured person if that person uses a vehicle without a reasonable belief of having permission to use the vehicle." Policy at p.2, Part I, Coverage A. Whether Chance Willard had permission to use the scheduled vehicle is a factual issue that may arise in the context of a tort suit against the named insureds, John and Dana Willard, should such a suit eventually be filed. Nor is it clear that the excluded driver endorsement in the Policy, if it is found to be effective, would exclude coverage for negligent entrustment or similar claims against the named insureds. Simply put, without the existence of an underlying tort lawsuit with concrete allegations and claims for relief, it is impossible to accurately assess how adjudication of this matter prior to the tort action could unduly prejudice the Willard Defendants. Prejudice must be presumed in these circumstances.

For those reasons, this Court should decline to exercise its jurisdiction under the Act even if determines that an actual controversy exists that is ripe for adjudication.

## CONCLUSION

For the reasons stated above, this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as the claims asserted in NFU's Complaint are not ripe for adjudication. In the alternative, this Court should decline to exercise its jurisdiction under the Act to hear NFU's claims for declaratory relief at this time, due to the potential for prejudice to the Willard Defendants in a subsequent tort proceeding, if one were to be filed.

Respectfully submitted this 25th day of January, 2017

        BERG HILL GREENLEAF RUSCITTI LLP

        *s/ Rudy E. Verner*
        _____
        Rudy E. Verner
        Mary Sue Greenleaf
        1712 Pearl Street
        Boulder, CO  80302
        Phone:  (303) 402-1600
        Fax:  (303) 402-1601
        Email:  rev@bhgrlaw.com
              msg@bhgrlaw.com

        *Attorneys for John Willard, Dana Willard and Chance Willard*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2017, I electronically filed the foregoing **THE WILLARD DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF DOC. NO. 1] FOR LACK OF SUBJECT MATTER JURISDICTION** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

Peter J. Morgan
Baldwin Morgan & Rider, PC
1512 Larimer Street, Suite 450
Denver, CO  80202
peter@bmrpc.com

Kelly L. Kafer
Baldwin Morgan & Rider, PC
1512 Larimer Street, Suite 450
Denver, CO  80202
kelly@bmrpc.com

*s/ Deb Osterman*
_____
Deb Osterman