IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-3163-WJM-MJW

NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY,

　　Plaintiff,

v.

JOHN WILLARD,
DANA WILLARD,
CHANCE WILLARD,
ESTATE OF JASON TORRES, and
PERLA CRYSTAL TORRES,

　　Defendants.

## ORDER ON PENDING MOTIONS TO DISMISS

This case arises out of an accident on October 25, 2016 in which Jason Torres was fatally hit by a vehicle driven by Defendant Chance Willard. (ECF No. 1 ¶¶ 20–22.) At the time of the accident, the vehicle driven by Chance Willard was listed as an insured vehicle under a policy issued by Plaintiff National Farmers Union Property and Casualty Company ("NFU"). (*Id.* ¶¶ 11, 20.) NFU alleges that Chance Willard was listed as an "excluded driver" under the subject policy, such that any claims related to the October 25, 2016 accident are not covered. (*Id.* ¶¶ 19, 28.) Accordingly, NFU asserts that it owes no duty to defend or indemnify. (*Id.* ¶ 29.)

Before the Court are two motions to dismiss under Federal Rule of Civil Procedure 12(b)(1): one motion filed by Defendants John, Dana, and Chance Willard (the "Willard Defendants"), and the other filed by Defendant Perla Crystal Torres

("Torres"). (*See* ECF Nos. 13, 25.) For the reasons set forth below, the Defendants' respective motions are granted.

## I. BACKGROUND

Around 8:30 a.m. on October 25, 2016, Chance Willard was driving the Willard family pickup in Weld County, Colorado, when he collided with the rear of Jason Torres' vehicle. (ECF No. 13 at 2; ECF No. 29 at 1; ECF No. 29-1 at 2.)[1] Tragically, Jason Torres "died at the scene as a result of injuries suffered in the collision." (ECF No. 29 at 1.) According to NFU, the Willard Defendants have sought coverage under the subject policy for claims arising from the accident. (ECF No. 1 ¶ 27.) However, neither the spouse of Jason Torres, nor his estate, have filed an underlying tort action against the Willard Defendants. (ECF No. 13 at 2; ECF No. 29 at 3.)

In December 2012—almost four years before the accident—Chance Willard was "charged with driving under the influence, [which resulted] in his driver's license being revoked." (ECF No. 1 ¶ 14.) As a result, in April 2013, "Dana Willard contacted the insurance agent . . . and asked to have Chance Willard excluded from the policy." (*Id.* ¶ 15.) "The policy renewal for the period April 23, 2013 to October 23, 2013 was issued with declarations listing Chance Willard as 'EXCLUDED.'" (*Id.* ¶ 18 (capitalization in the original).) Each policy renewal, including the renewal for the period October 23, 2016 through April 23, 2017 "lists Chance Willard as 'EXCLUDED' in the declarations[.]" (*Id.* ¶ 19.) Thus, Chance Willard was listed as an excluded driver at the time he collided with Jason Torres.

---

[1] Chance Willard is the son of Defendants John and Dana Willard. (ECF No. 1 ¶ 12.) Jason Torres is the spouse of Defendant Perla Torres. (*Id.* ¶ 4.)

On December 23, 2016, NFU filed the instant action seeking a declaratory judgment that states: (1) "Chance Willard was an excluded driver under the Policy"; (2) "the Policy provides no coverage for any claims related to the October 25, 2016 accident"; and (3) "NFU has no duty to defend or indemnify the Willards." (*Id.* at 6.)

On January 25, 2017, the Willard Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), stating that "[t]his case must be dismissed for failure to comply with the most basic tenant[*sic*] of federal court jurisdiction: it does not present an actual case or controversy which is ripe for adjudication." (ECF No. 13 at 1.) On February 22, 2017, Torres filed her motion to dismiss adopting "all arguments of law contained in the Willard Defendants' motion for lack of subject matter jurisdiction." (ECF No. 25 at 1.) Shortly thereafter, on February 23, 2017, NFU responded (ECF No. 29), and the Willard Defendants replied on March 9, 2017 (ECF No. 35).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case by asserting that the Court lacks subject-matter jurisdiction over the claims in the operative complaint. *See* Fed. R. Civ. P. 12(b)(1). "District courts have limited subject matter jurisdiction and may hear cases when empowered to do so by the Constitution and by act of Congress." *Randil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (internal quotation marks omitted). "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah*

*Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 12(b)(1) motions generally take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A factual attack does not permit the court to presume the complaint's factual allegations are true, although the court does have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. In such circumstances, the court's reference to evidence beyond the pleadings will not convert the motion to one under Rules 56 or 12(b)(6), unless the jurisdictional question is intertwined with the merits of the case. *Id*. Here, the parties have offered declarations and other documents in connection with their respective motions to dismiss, creating a factual attack on the Court's subject matter jurisdiction.

### III. ANALYSIS

The party seeking to invoke federal jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) ("The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence."). In addressing this burden, NFU asserts that this action is properly before the Court because "[t]his action presents an actual controversy appropriate for a Declaratory Judgment." (ECF No. 29 at 3.)

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of

an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' or "Controversies' that are justiciable under Article III of the United States Constitution." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (citations omitted). The Tenth Circuit has cautioned that "Article III has long been interpreted as forbidding federal courts from rendering advisory opinions." *Id*. "It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties." *Id*. The central question in deciding whether a declaratory judgment action satisfies the case or controversy requirement is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007).

NFU contends that "[r]egardless of whether an underlying lawsuit has been filed, there is a substantial controversy between the parties of sufficient immediacy and reality to create a justiciable issue." (ECF No. 29 at 4.) NFU stresses that "given the circumstances of the accident and Mr. Torres' resulting death," it is a "certainty" that "his heirs will bring a liability claim against Chance Willard[.]" (*Id.*) Moreover, NFU asserts that "there is an actual dispute between the parties regarding coverage under the policy," relating to whether Chance Willard was an excluded driver at the time of the

accident. (*Id.* at 5.)

The Willard Defendants respond that NFU's allegation "that Mr. Torres' estate may bring an underlying liability action is pure speculation." (ECF No. 13 at 2–3.) For this reason, the Willard Defendants maintain that this action "is premature and fails to present a justiciable controversy that is capable of resolution by this Court." (*Id.* at 3.) Echoing that argument, Torres contends that "NFU has essentially requested an impermissible advisory opinion as to the scope of coverage provided by an insurance policy *before* any claim has been [made] on that policy and *before* any action has been filed against the insured[.]" (ECF No. 25 at 2 (emphasis in the original).)

The Court concludes that this anticipatory declaratory judgment action is premature and is not yet based on a present and actual controversy. In the Court's view, this action clearly seeks redress arising out of the "mere possibility of a future claim." *Constitution Assocs. v. New Hampshire Ins. Co.*, 930 P.2d 556, 561 (Colo. 1996).

Further, whether the subject policy covers any potential or feasible claims related to the October 25, 2016 accident is not, at this time, a substantial controversy of "sufficient immediacy and reality" to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201. *Maryland Cas. v. Pacific Coal & Oil*, 312 U.S. 270, 273 (1941); *see also Allendale Mut. Ins. Co. v. Kaiser Eng'rs, Div. of Henry J. Kaiser Co.*, 804 F.2d 592, 594 (10th Cir. 1986). Thus, the Court agrees with the Defendants' joint position that without an underlying lawsuit filed against Chance Willard related to the accident, "there is 'no legal or factual basis for this Court to make a final determination'

that the policy does or does not provide coverage for any potential claims or, in so doing, that NFU does or does not owe the Willard Defendants a duty to defend on any such speculative claims." (ECF No. 35 at 8 (citing *United Fire & Cas. Co. v. Contractor Heating, Inc.*, 2008 WL 2572124, at *3 (D. Colo. June 24, 2008) (holding that the declaratory judgment action is premature and not based on a present and actual controversy when no underlying tort action had been filed)).)

Moreover, Colorado law provides that an insurer's duty to defend "arises solely from the complaint in the underlying action." *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo. 2004).[2] Thus, in order for the Court to determine whether a duty to defend exists, this Court would need to examine the "four corners" of a not-yet-filed underlying complaint. *See Hecla Min. Co.*, 811 P.2d at 1089. Accordingly, "the lack of an underlying complaint in this case—and specific knowledge of the possible claims alleged in relation to the [October 25, 2016] accident—is fatal to my ability to render a decision in this action seeking anticipatory declaratory relief on the issue." *Contractor Heating*, 2008 WL 2572124, at *4.

Lastly, and most importantly, this Court's exercise of jurisdiction to grant declaratory relief is discretionary rather than mandatory under both federal and Colorado law. *See Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989); *see also Constitution Assocs.*, 930 P.2d at 561 ("[t]he decision about whether to

---

[2] Sometimes referred to as the "complaint rule," "the comparison test," the "four corners rule" (referring to the underlying complaint), and the "eight corners rule" (referring to both the underlying complaint and the policy). *See Pompa v. Am. Fam. Mut. Ins. Co.*, 520 F.3d 1139, 1145 (10th Cir. 2008); *see also Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991).

permit an anticipatory declaratory judgment action falls within the sound discretion of the trial court"). Thus, in the exercise of its discretion, the Court declines to accept jurisdiction over this anticipatory declaratory judgment action, which is not based on a sufficiently immediate controversy.

In sum, the Defendants' respective motions to dismiss are granted, and this action is dismissed *without prejudice*.

### IV.  CONCLUSION

For the reasons stated, the Court ORDERS as follows:

1. Defendants John, Dana, and Chance Willard's Motion to Dismiss (ECF No. 13) is GRANTED;

2. Defendant Perla Crystal Torres' Motion to Dismiss (ECF No. 25) is GRANTED;

3. The claims brought by Plaintiff National Farmers Union Property and Casualty Company pursuant to the Declaratory Judgment Act are hereby DISMISSED *without prejudice* pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; and

4. The Defendants shall have their costs.

Dated this 15th day of August, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge